UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TRENT SMITH,

              Petitioner,

    v.

BRIAN BIRKHOLZ, Warden,

              Respondent.

Case No. 2:22-cv-07623-MEMF-PD

**ORDER DISMISSING PETITION WITHOUT PREJUDICE**

On October 19, 2022, Trent Smith ("Petitioner"), a federal prisoner proceeding pro se, filed an "Emergency Motion Seeking Immediate Release from the Bureau of Prisons and Termination of Sentence Under 28 U. S. C. § 2241" ("Petition").  [Dkt. No. 1.[1]]  For the reasons set forth below, the Petition is dismissed without prejudice.

---

[1] The Petition is 232 pages long and contains several exhibits, including Petitioner's medical records and release plans, documents from the Lompoc Class Action Lawsuit, *Torres, et al. v. Milusnic, et al.*, 2:20-cv-04450-CBM-PVCx, and a copy of a March 26, 2020 Memorandum from former Attorney General Barr regarding prioritization of inmates to home confinement in response to the COVID-19 pandemic.

## I. Background and Petitioner's Contentions

Petitioner is currently at the Federal Correctional Institution at Lompoc ("FCI Lompoc"), in the Central District of California. [Dkt. No. 1.] He is serving a 210-month sentence for federal drug offenses imposed in 2016 in the District of Montana in *United States v. Trent Scentail Smith*, 6:16-cr-00002-DLC.[2] [Dkt. No. 1 at 4.]

Petitioner alleges that he has Type 2 diabetes, high cholesterol, and suffers from obesity. [Dkt. No. 1 at 4.] He alleges that his underlying health conditions place him at high risk and make him vulnerable to COVID-19. [*Id.*] Petitioner requests that the Court grant him immediate release from the custody of the Bureau of Prisons ("BOP") based on allegedly substandard medical care and inadequate treatment at FCI-Lompoc; poorly trained medical providers; conditions of confinement that violate the Fifth and Eighth Amendments and the prohibition against cruel and unusual punishment and violate the Due Process Clause and international law; and, because the Lompoc Class Action Lawsuit, *Torres, et al. v. Milusnic, et al.*, 2:20-cv-04450-CBM-PVCx, has not provided Petitioner with any relief from the unconstitutional conditions of confinement. [Dkt. No. 1 at 3.]

According to public records, Petitioner's projected release date is July 28, 2029. *See* Fed. R. Evid. 201; Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc (accessed October 20, 2022).

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the federal dockets and filings available through the PACER system. *See also Harris v. County of Orange*, 682 F. 3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of court records).

## II.   Discussion

### A.   Duty to Screen the Petition

Summary dismissal of a federal habeas petition is required "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); see also Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition).  Moreover, the Court must assess its jurisdiction over a section 2241 petition "before proceeding to any other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).

### B.   This Court Lacks Jurisdiction Over a Request for Compassionate Release under a Sentence Imposed in Another District

Petitioner seeks immediate release from custody based on his medical conditions and exposure to various health and safety risks including those related to the COVID-19 pandemic. [Dkt. No. 1 at 3-5, 10.]  Although the Petition is labeled as a petition for writ of habeas corpus under 28 U.S.C. § 2241, to the extent that it actually seeks compassionate release, it is not properly before this Court.

Under 18 U.S.C. § 3582(c)(1)(A), all motions for sentencing reductions, including motions for compassionate release, must be filed in the sentencing court. *See United States v. Ono*, 72 F.3d 101, 102 (9th Cir. 1995) (a motion under Section 3582(c) "is undoubtedly a step in the criminal case" that "requires the [sentencing] court to reexamine the original sentence" (citation omitted)); *see also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the

sentencing court, a point several Circuits have noted . . . ."); *Bolden v. Ponce*, No. CV 20-3870-JFW (MAA), 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (district court lacks authority to grant release under § 3582(c)(1)(A) based on conditions caused by COVID-19 pandemic because petition was not filed in sentencing court); *Mitchell v. Engleman*, No. CV 21-06488-JWH (JEM), 2021 WL 4641945, at *1 (C.D. Cal. Sept. 9, 2021) (same); *Thody v. Swain*, No. CV 19-09641-PA (DFM), 2019 WL 7842560, at *2 (C.D. Cal. Nov. 26, 2019) ("[B]y its plain language, 18 U.S.C. § 3582(c)(1)(A) requires Petitioner to move for reduction in the sentencing court."); *Mohrbacher v. Ponce*, No. CV 18-00513-DMG (GJS), 2019 WL 161727, at *1 & n.1 (C.D. Cal. Jan. 10, 2019) (same).

Petitioner was sentenced in the District of Montana in *United States v. Trent Scentail Smith*, 6:16-cr-00002-DLC. If Petitioner seeks compassionate release under Section 3582(c), he must submit a motion to the sentencing court.[3]

### C.    Petitioner's Claims Are Not Cognizable on Habeas Review

A habeas corpus petition under 28 U.S.C. § 2241 is a vehicle for a federal prisoner to challenge to the execution of his sentence. *Hernandez,* 204 F.3d at 864. Challenges to a prisoner's conditions of confinement, however, must be brought in a civil rights complaint rather than a habeas corpus petition. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("[a]n inmate's challenge to the

---

[3] The Court takes judicial notice of the docket in the United States District Court for the District of Montana. Petitioner has filed several motions for compassionate release which have been denied by the sentencing court. [*See* Dkt. Nos. 148, 150, 157, 159, 160, 173, 178, 179, 180.] On June 15, 2020, Petitioner filed an appeal of the district court's order denying his motion for compassionate release in the Ninth Circuit. [*See* Dkt. No. 161.] On January 27, 2021, the Ninth Circuit affirmed the district court's decision. *See United States v. Trent Scentail Smith*, Case No. 20-30128 (9th Cir.).

4

circumstances of his confinement" must be brought through a civil rights action); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.") (citation omitted).  A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *see also Ramirez v. Galaza*, 344 F.3d 850, 859 (9th Cir. 2003) (habeas jurisdiction is lacking, and a civil rights action instead is appropriate, "where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").  "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief]" and, instead, should be brought as a civil rights claim "in the first instance." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

Petitioner's claims are based on the alleged failure to provide him with adequate medical treatment and take certain health and safety precautions related to preventing the risk of contracting COVID-19 at FCI Lompoc.  [Dkt. No. 1 at 3-5.]  These are classic conditions of confinement claims that do not implicate the fact or duration of Petitioner's confinement despite his requested remedy of release from custody.  As such, his allegations sound in civil rights, not in habeas, and the Court declines to exercise its discretion to construe the Petition as a civil rights complaint. *Bolden*, 2020 WL 2097751, at *2 & n.1; *accord Smith v. Von Blanckensee*, No. CV 20-4642-JVS (JEM), 2020 WL 4370954, at *3 (C.D. Cal. Jul. 2, 2020).  If Petitioner seeks to challenge his conditions of confinement or seeks damages for civil rights violations, his

claims are properly brought pursuant to *Bivens v. Six Unknown Named of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

## III.    Order

For the reasons set forth above, this action is dismissed without prejudice.  IT IS SO ORDERED.

DATED:  May 7, 2026

MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE